J-M01001-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KAASHIF ABDUL FULLER | : | |
| Petitioner | : | No. 86 MDM 2025 |

Appeal from the Order Entered November 10, 2025
In the Court of Common Pleas of Lancaster County
Criminal Division at No:  CP-36-CR-0002137-2025

BEFORE:  STABILE, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:　　　　　**FILED: FEBRUARY 18, 2026**

Kaashif Abdul Fuller ("Petitioner") has filed an "Emergency Petition for Review of Bail Order under Pa.R.A.P. 1610 & 1762 and Request for Stay of Proceedings" ("Petition"), seeking review of the November 10, 2025 order ("Order") of the Court of Common Pleas of Lancaster County ("trial court"), which modified Petitioner's bail.  For the reasons that follow, we affirm the trial court's order.[1]

---

[1] This Court may review an order granting or denying release, or modifying the conditions of release, before sentence via a petition for specialized review. **See** Pa.R.A.P. 1610; **see also** Pa.R.A.P. 1762(b)(2) (providing that an order relating to bail when no appeal is pending shall be subject to review pursuant to Chapter 16 of the Rules of Appellate Procedure); **Commonwealth v. Miller**, 319 A.3d 575 (Pa. Super. 2024) (applying to petitions for specialized review of bail filed under Pa.R.A.P. 1610 the rationale of **Interest of N.E.M.**, 311 A.3d 1088 (Pa. 2024) (holding that review of a petition for specialized review involving a juvenile out-of-home placement order is mandatory in that this Court lacks discretion to decide whether to review the petitions)).

Petitioner has been charged with 25 offenses, including rape of a child, involuntary deviate sexual intercourse (IDSI) of person less than 16 years of age, involuntary deviate sexual intercourse with a child, and other related offenses. These charges were based on allegations that Petitioner had, over a period of several years, engaged in oral, anal, vaginal, and digital intercourse with his step-daughter when she was between the ages of nine and 16 years old.

Bail was originally set at $750,000 cash on April 29, 2025. Petitioner filed a counseled motion for modification of bail on June 17, 2025, and a counseled emergency motion for bail on June 23, 2025. On July 2, 2025, the trial court denied Petitioner's request for modification of bail. Petitioner sought appellate review of that order, and the appeal was quashed as interlocutory on September 9, 2025.

Subsequently, following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), Petitioner waived the right to counsel on October 3, 2025, and elected to proceed *pro se*. Thereafter, Petitioner filed a *pro se* emergency motion for bail review on October 9, 2025, and a *pro se* motion to limit or exclude consideration of his prior statutory sexual assault conviction, and resulting probationary sentence of 3 years, for bail purposes on October 15, 2025.

A bail hearing was held on November 10, 2025, at which the Commonwealth admitted a copy of Petitioner's previous criminal conviction in 2000 for statutory sexual assault. **See** N.T. Bail Hearing, 11/10/2025, at 2.

The Commonwealth argued that, due to the nature of the charges in this case, and the fact that this is the second time Petitioner has had unlawful sexual contact with a minor, Petitioner's bail should remain at $750,000, with the nonmonetary conditions in place. *Id.* at 2-3.

The trial court gave Petitioner an opportunity to address the Commonwealth's request that bail remain the same. *Id.* at 10. As to the prior statutory sexual assault charge introduced by the Commonwealth, Petitioner stated that he had involuntarily pleaded guilty to that charge because at the time, he was young, overwhelmed, and confused by the allegations. *Id.* at 13-15.

Regarding his current detention, Petitioner informed the trial court that, despite the fact that he had been in jail for almost six months, his employer continued to hold his job open for him; however, he stated he could not expect his employer to wait forever, and if he remained locked up, he would risk losing the work and stability he had built. *Id.* at 10-11. Petitioner acknowledged the seriousness of the charges against him but claimed he has never avoided responsibility for his actions. *Id.* at 11.

Petitioner mentioned his ties to the area spanning seven years and his support from the community. *Id.* Petitioner also discussed his family support, including his wife, mother, and father, who were present in the courtroom and have stood by him and would make sure he abides by any conditions imposed by the trial court. *Id.* at 12. Petitioner argued he has no history of violence and does not pose a threat to anyone. *Id.* He claimed that in the past two

decades since his prior conviction, he has built a life, worked hard, supported his family, and kept his record clean. *Id.* at 15. Accordingly, he requested unsecured bail or home monitoring. *Id.* at 13.

In response, the Commonwealth contended that Petitioner and his wife were in the process of moving at the time of his arrest, and once the detective began investigating and asking questions, Petitioner and his wife stopped parking outside of their home and instead began parking on other streets in an attempt to pretend they were not home and hide their movements from law enforcement. *Id.* at 16. The Commonwealth argued that those facts, combined with the records from Petitioner's prior plea, demonstrate that Petitioner is a flight risk and a threat to the victim, his stepdaughter. *Id.* at 15-16.

No witnesses testified at the November 10, 2025, hearing for either party. At the conclusion of the bail hearing, the trial court entered an order modifying Petitioner's bail to $500,000 cash, with conditions. *Id.* at 17.

On December 8, 2025, Petitioner filed the instant Petition in this Court, seeking to challenge the trial court's November 10, 2025, bail order. Upon the filing of the Petition, this Court issued an Order on December 18, 2025, directing the trial court to state on the record its reasons for the November 10, 2025, bail order, as required under Rule 1762(e); the Commonwealth was also directed to file a response. The trial court complied on January 8, 2026, and submitted a statement outlining the reasons for its order. The Commonwealth, however, did not file a response to the Petition.

- 4 -

This Court reviews bail orders for an abuse of discretion, reversing only where the trial court misapplies the law, its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. *See Commonwealth v. Miller*, 319 A.3d 575 (Pa. Super. 2024). Moreover, this Court's scope of review is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party. *See Commonwealth v. Talley*, 265 A.3d 485, 527 (Pa. 2021). A trial court's order will be affirmed its "factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct." *Id.*[2]

The right to bail, with certain exceptions, is enshrined in the Pennsylvania Constitution, Article I, Section 14, which provides in pertinent part:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or **unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great**[.]

Pa. Const. art. I, § 14 (emphasis added).

---

[2] A heightened standard of review – "proof is evident or presumption great" – may apply in cases where the accused has entirely been denied bond. *See generally Commonwealth v. Talley*, 265 A.3d 485 (Pa. 2021). In the present case, however, Petitioner is challenging the amount of bail, not its denial.

Pennsylvania Rule of Criminal Procedure 529 addresses modification of bail prior to verdict, and Rules 526 and 527 govern non-monetary conditions of release on bail. Because bail petitions were not treated as appeals themselves until the Supreme Court's decision in *Interest of N.E.M.*, 311 A.3d 1088 (Pa. 2024), there is scant case law addressing appellate review of the amount set for bail, or the denial of a request for only non-monetary conditions for bail. Rather, *Talley* and its progeny address disputes over whether bail should be denied altogether. *See, e.g., Talley*, 265 A.3d at 525; *Miller*, 319 A.3d 575 (reviewing trial court's order that granted bail modification and altogether revoked bail originally set for $500,000).

Comment to Rule 529 may provide the most guidance as to which legal standards apply in the instant case. It states that, "[i]n making a decision to modify a bail order, the issuing authority or judge should evaluate the information about the defendant as it relates to the release criteria in Rule 523 and the types of release on bail set forth in Rule 524." Pa.R.Crim.P. 529. The Rule 523(A) factors include:

> (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty; (2) the defendant's employment status and history, and financial condition; (3) the nature of the defendant's family relationships; (4) the length and nature of the defendant's residence in the community, and any past residences; (5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs; (6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the condition of the bail bond; (7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape; (8) the

- 6 -

defendant's prior criminal record; (9) any use of false identification; and (10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

Pa.R.Crim.P. 523(A)(1)-10).

With the foregoing standards in mind, we now turn to the instant Petition, wherein Petitioner claims he has "been detained since April 29, 2025 without a single lawful, reviewable bail determination supported by findings required under Pa.R.Crim.P. 523 and 524." Petition, 12/8/2025, at 2. Specifically, Petitioner argues that the Commonwealth failed to offer any evidence at the November 10, 2025, bail hearing that he poses a danger or that he constitutes a flight risk, and the trial court failed to issue any findings at the conclusion of the hearing. *Id.*

Rather than present testimony, witnesses, or exhibits, Petitioner alleges that the prosecutor relied only on argument, which Petitioner claims is insufficient to justify his continued detention. *Id.* at 8. Further, Petitioner claims that the trial court failed to consider his lack of criminal history during the past 25 years and other relevant factors. *Id.* He contends that he remains detained because he cannot afford the monetary bail set by the trial court. *Id.* at 5. Accordingly, Petitioner requests that this Court vacate the November 10, 2025 bail order, set reasonable unsecured bail or supervised release, remand for a new hearing compliant with the Rules of Criminal Procedure, stay the proceedings in the trial court, and/or issue any other relief necessary under these circumstances. *Id.* at 14.

In its statement, the trial court outlined the reasons for bail order as follows:

> The decision to set bail . . . was based on [Petitioner's] failure to offer any indication that, upon release, he would have a place to reside, apart from the home he shares with his wife—the mother of the Victim—and the associated safety concerns for the Victim. The bail imposed was also in acknowledgement of the profound seriousness of the crimes charged, the long duration of [Petitioner's] alleged abuse of the Victim, and [Petitioner's] criminal history including a similar charge. Finally, the bail amount and conditions were influenced by [Petitioner's] actions of evading contact with law enforcement and concealing his whereabouts, which suggest that he is a potential flight risk.

Trial Court Statement, 1/8/2026, at 3.

The trial court primarily addressed whether any evidence tends to show that the available conditions of bail would be inadequate to ensure the protection of any person or the community. As set forth above, the trial court discussed the fact that, upon release, Petitioner would reside in a home he shares with his wife, the mother of the victim, despite the associated safety concerns for the victim. Further, the court discussed the potential flight risk posed by Petitioner based upon his actions in hiding from law enforcement, and the gravity of the charged offense in its reasoning. Lastly, the trial court discussed Petitioner's relevant behavioral history, or past patterns of conduct, noting the alleged duration of Petitioner's abuse of the victim in this matter, as well as his prior criminal history, which included a similar charge.

Upon review, we conclude that the trial court has properly considered Petitioner's bail amount in line with the factors enumerated in the Rules of

Criminal Procedure and controlling caselaw. The trial court's findings are supported by the record, and thus, we can discern no abuse of discretion in the bail amount imposed in the trial court's order. In light of the foregoing, and pursuant to **N.E.M.**'s mandate to consider petitions for specialized review on their merits, we therefore affirm the trial court's order of November 10, 2025.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2026